## Commonwealth v. Kallock

*G. R. Speer*, for Commonwealth.
*Andrew G. Smith*, for defendant.

McDonald, J., March 13, 1936.—This case comes before the court on defendant's appeal from conviction before a justice of the peace in this county. Defendant was convicted of violation of the School Code of this State, in that he failed, after having been properly notified so to do, to require his son, aged nine years, to attend the public schools of the Borough of Castle Shannon.

Defendant admits receipt of notice to send his child to school, and he also admits that the child has not attended either public or private school since January 27, 1936. Defendant, however, contends that he has complied with the requirements of the law in that his wife, the mother of the child, has, since January 27th, given to the child regular daily instruction in the common English subjects, in the English language. The mother of the child holds a permanent teacher's certificate issued by the Commonwealth of Pennsylvania.

The School Code of May 18, 1911, P. L. 309, sec. 1414, as last amended by the Act of May 29, 1931, P. L. 243, sec. 35, provides:

"Every child having a legal residence in this Commonwealth, as herein provided, between the ages of eight and sixteen years . . . is required to attend a day school in which the common English branches provided for in this act are taught in the English language; and every parent, guardian, or other person, in this Commonwealth, having control or charge of any child or children between the ages of eight and sixteen years, is required to send such child or children to a day school in which the common English branches are taught in the English language; and such child or children shall attend such school continuously through the entire term, during which the public elementary schools in their respective districts shall be in session . . . Provided, That the certificate of any principal or teacher of a private school, or of any institution for the education of children, in which the common English branches are taught in the English language,

setting forth that the work of said school is in compliance with the provisions of this act, shall be sufficient and satisfactory evidence thereof . . . Regular daily instruction in the English language, for the time herein required, by a properly qualified private tutor, shall be considered as complying with the provisions of this section, if such instruction is satisfactory to the proper county or district superintendent of schools".

The provisions of the section of the act, quoted above, are mandatory. The objective, of course, is to compel the attendance, at public school, of all children of the prescribed age, and the only exceptions permitted are those specified in the act itself, i. e., where attendance or study are made impossible because of mental or physical impediments, or where satisfactory and acceptable evidence is produced showing that the child is being properly educated outside of the public schools. Counsel for the defendant strenuously argues that the public school system effectuated through the School Code constitutes sovietism, in that there is a regimentation of human beings brought about through the standardization of the subjects taught and the methods of teaching in our public schools. With this contention we most certainly do not agree. The public school system which we now have in the State of Pennsylvania is the result of many years of intelligent planning by intelligent persons who are, and have been, genuinely and sincerely interested in the welfare of the children of the State. It was established and it is maintained at considerable cost to the taxpayers of the Commonwealth. It is designed and intended not only to furnish equal opportunity to obtain an education by all children, but also to compel all parents to take advantage of that opportunity, to the end that through education a more enlightened citizenry may result. Insofar as there has been standardization of some of the subjects taught in our public schools, or in the methods of teaching such subjects, that standardization has been in the interest of efficiency and is not an effort to compel all children to do

and to think as all other children do and think, as defendant contends.

Of course, there have been occasions when criticism of our schools, and of the operation of individual school districts or schoolrooms, has been justified. That, however, is not the case here, and the Borough of Castle Shannon has established a school system of which its citizens may be justly proud. The sole question here is: Has the defendant violated the law through failure to send his nine-year-old son to the public schools of Castle Shannon?

The act clearly provides that all children between the ages of eight and sixteen years, and not mentally or physically incapacitated, must be schooled in one of three ways: First, they are required to attend public school; second, they may be excused from attendance at public school if they attend a proper private school and furnish to the proper school authorities certificates of attendance at such private school; third, they may be excused from attendance at public school if private tutoring is provided, if, and only if, such private tutoring is satisfactory to the proper county or district superintendent of schools. In the event parents of children of the prescribed age elect to provide private tutoring for their children, the first duty upon them is to obtain the consent of the proper county or district superintendent of schools, and the burden is upon the parents to establish that such consent was obtained before the child was taken, or kept, from public school.

The instant case furnishes an excellent example of the wisdom of the law. The parents of the boy involved here withdrew their son from the public schools, claiming that his failure to advance in school was due to inefficiency of the school teacher. It is our opinion that the boy's failure to advance was but a reflection of the lack of coöperation between his parents and the school authorities. He is a normal boy, normally bright, who has learned from his parents' attitude toward the schools that it is not necessary for him to apply himself in school, because of the

promise that his mother can and will train him at home in a way much easier and perhaps more pleasant to the boy. It is our opinion that a little application of good old-fashioned parental discipline, plus a spirit and desire of coöperation on the part of the parents, would have solved all of this boy's difficulties. Further, it seems to us that the conduct of these parents exhibits a colossal conceit. We have here a mother who holds a permanent teacher's certificate issued by the Commonwealth of Pennsylvania. Because she holds that certificate, she appears to have the opinion that she can not only teach, but that she can also determine the policies and methods of the teachers of the Castle Shannon School District. She does not approve of the accepted methods of modern teaching. She does not approve of text books for children, so she provides her son with a set of story books designed for reading by children. There should be no geographies, apparently because she teaches her son geography through encouragement of his natural desire to collect stamps. She does not teach spelling or have her boy recite in spelling, because she believes, to use her words, "the lips should not utter, the eyes should not see, the hand should not write, and the ears should not hear, a misspelled word." She teaches him art by encouraging him to draw. She teaches him music by giving him lessons on the piano (which may be all right). We do not know how she teaches him arithmetic or reading.

At all events, we are satisfied that the defendant has violated the letter of the law by endeavoring to provide private instruction for his nine-year-old son without having first obtained the consent of the county superintendent of schools, and we are further satisfied that the boy in this case is not receiving proper or adequate private instruction. The welfare of the boy is paramount in the mind of the court, and, in order to compel these parents to provide this boy with a proper education, the defendant will be found guilty of the offense charged.